IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANNALISA MARIE FORD ALLMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV823 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff Annalisa Marie Ford Allmon ("Plaintiff") brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 1383(c)(3), to obtain review of a final decision of the Commissioner of Social Security denying her Supplemental Security Income ("SSI") under Title XVI of the Act.

Presently before this court are Plaintiff's Motion for Judgment and accompanying brief (Docs. 9-10), and the Commissioner's Motion for Judgment on the Pleadings and accompanying memorandum (Docs. 11-12). This court also has before it the certified administrative record,[1] and this matter is now

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Doc. 7.)

ripe for adjudication. After careful consideration of the evidence of record, the Decision of the Administrative Law Judge ("ALJ"), and the governing legal standard, this court concludes that the Commissioner's decision should be remanded for further proceedings consistent with this order.

I. **BACKGROUND**

Plaintiff protectively filed an application for SSI on October 26, 2011, alleging a disability onset date, as amended, of March 18, 2010. (Tr. at 22, 138-43, 168.) The application was denied initially and upon reconsideration. (Id. at 22, 79-87, 91-100.) Plaintiff then requested a hearing before an ALJ. (Id. at 101-03.) At the September 13, 2013 hearing were Plaintiff, her counsel, and a vocational expert ("VE"). (Id. at 30-53.) After the hearing, the ALJ determined that Plaintiff was not disabled under the Act.[2] (Id. at 22-26.)

---

[2] "The Commissioner uses a five-step process to evaluate disability claims." Hancock v. Astrue, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id. A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. Id.

More specifically, the ALJ concluded (1) that Plaintiff had not engaged in "substantial gainful activity" during the relevant period, and (2) that Plaintiff's fibromyalgia, degenerative disc disease, and Reynaud's syndrome were severe impairments. (Id. at 24-25.) However, the ALJ concluded that the disorders did not meet or equal a listed impairment. (Id. at 26.)

The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC")[3] to perform medium work, so long as she was also limited to only the occasional climbing of ladders and that she altogether avoided concentrated exposure to extremes in cold temperature. (Id.) The ALJ then concluded that Plaintiff was able to perform her past relevant work as a customer service manager, receptionist, general farm worker, and staff coordinator. (Id. at 26.) Accordingly, the ALJ entered a Decision that Plaintiff was not disabled and denied her benefits. (Id.)

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006) (citation omitted). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall v. Harris, 658 F.2d 260, 265 (4th Cir. 1981). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

-3-

On December 29, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (Id. at 10-14.) Plaintiff then initiated this action.

## II. LEGAL STANDARD

Federal law authorizes judicial review of the Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Fray v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may

-4-

be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472.

### III. **PLAINTIFF'S ASSERTIONS OF ERROR**

Plaintiff asks this court to reverse the Decision of the Commissioner. In support of her request, Plaintiff contends, in pertinent part, that the ALJ erred in evaluating her credibility. (Pl.'s Br. in Supp. of Mot. for J. on the Pleadings ("Pl.'s Br.") (Doc. 10) at 6.) As explained in greater detail below, this assignment of error has merit and remand is therefore proper.

## IV. ANALYSIS

### A. The ALJ's Credibility Determination is not Susceptible to Judicial Review

Regarding credibility, Craig v. Chater provides a two-part test for evaluating a claimant's statements about symptoms. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)).

If the ALJ determines that such an impairment exists, the second part of the test then requires him to consider all available evidence, including the claimant's statements about pain, in order to determine whether the claimant is disabled. Id. at 595-96. While the ALJ must consider a claimant's statements and other subjective evidence at step two, he need not credit them insofar as they conflict with the objective medical evidence or to the extent that the underlying impairment could not reasonably be expected to cause the symptoms alleged.

Id. Where the ALJ has considered the relevant factors[4] and heard the claimant's testimony and observed his demeanor, the ALJ's credibility determination is entitled to deference. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Here, the ALJ completed the two-step Craig analysis, but committed error at step two. First, the ALJ stated that he had "careful[ly] consider[ed]" the evidence and found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (Tr. at 25.) The ALJ therefore discharged his duty under the first step of the Craig analysis. Second, the ALJ decided that Plaintiff's "statements concerning the intensity, persistence and limiting

---

[4] The relevant regulatory factors are: (i) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate her pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of her pain or other symptoms; (vi) any measures the claimant uses or has used to relieve her pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c)(3). The regulations do not mandate that the ALJ discuss all these factors in a decision. See, e.g., Baggett v. Astrue, No. 5:08-CV-165-D, 2009 WL 1438209, at *9 (E.D.N.C. May 20, 2009) (unpublished) (noting that the law requires "that the ALJ consider these factors, not that he discuss each of them").

effects of these symptoms are not entirely credible for the reasons explained in this decision." (Id.) It is at this point, however, that the ALJ erred by <u>failing to provide any reasoning in support of his credibility analysis</u>.

More specifically, it is well-settled that "the [Commissioner] must indicate explicitly that all relevant evidence has been weighed and its weight." <u>Stawls v. Califano</u>, 596 F.2d 1209, 1213 (4th Cir. 1979). Although the ALJ need not cite every piece of possibly relevant evidence in the record, failure to explain the weight given to "obviously probative exhibits" is reversible error. <u>Arnold v. Secretary</u>, 567 F.2d 258, 259 (4th Cir. 1977).

A claimant's statements about symptoms and limitations are obviously probative exhibits. As the Fourth Circuit has observed, an ALJ has a "duty of explanation" when making determinations about the credibility of a claimant's testimony. <u>Smith v. Heckler</u>, 782 F.2d 1176, 1181 (4th Cir. 1986) (citing <u>Hammond v. Heckler</u>, 765 F.2d 424, 426 (4th Cir. 1985)). This duty requires the ALJ to make an express finding as to the claimant's credibility and to give reasons for the credibility determination. <u>Id.</u> ("If the ALJ discounted [the plaintiff's] testimony about lifting and carrying heavy appliances, he needed

-8-

both to say so and to explain why."); see also Sayre v. Chater, No. 95–3080, 1997 WL 232305, at *1 (4th Cir. May 8, 1997) (unpublished) ("If an ALJ finds complaints of pain or the magnitude of pain to be incredible, the ALJ must give specific reasons for the finding.") (citing Hammond, 765 F.2d at 426); Spencer v. Barnhart, Civil Action No. 7:06CV00420, 2007 WL 1202865, at *1 (W.D. Va. Apr. 20, 2007) ("If the ALJ discredits the claimant's testimony, he must give 'specific reasons for the finding on credibility . . . .'") (quoting SSR 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, at *3 (July 2, 1996)).

In this case, the ALJ explained that he did not find Plaintiff's statements regarding her symptoms to be "entirely credible for the reasons explained in this decision." (Tr. at 25.) At that point, however, the ALJ failed to set forth any subsequent reasoning supporting his conclusion. Nor did the ALJ set forth any reasons elsewhere in his Decision. To the ALJ's credit, he did include, between steps one and two, a section entitled "TESTIMONY AT THE HEARING" and a section entitled "MEDICAL EVIDENCE." (Tr. at 24-25.) However, these sections are entirely descriptive in nature and do not give explicit reasons

-9-

why the ALJ chose to credit some portions of Plaintiff's testimony, while choosing to reject others. (Id.) This prevents the court from determining whether the Decision is legally correct and supported by substantial evidence. See Mascio v. Colvin, 780 F.3d 632, 639-40 (4th Cir. 2015) (remanding for the ALJ's failure to "explain how he decided which of Mascio's statements to believe and which to discredit, other than the vague (and circular) boilerplate statement").[5]

By way of example,[6] Plaintiff testified experiencing pain:

> [in] [m]y back, elbows, knees, ankles, shoulders, particularly my lower back. . . . But there are days when you absolutely cannot touch me it physically is that bad. But it's very unpredictable, I don't know – sometimes I could wake up in the morning and I'm fine, other times it takes me an hour to two hours just to function. My hands don't move, it hurts to write, it hurts to do things that I've done for 30 years for a living and there's a lot of fatigue and emotional stress because in my mind I think I can still do these things and my body says no, you can't.

(Tr. at 34-35; id. (describing pain as generally being an "eight and a nine" out of ten).) Plaintiff testified further that she

---

[5] Although the ALJ in this case did not use the objectionable boilerplate set forth in Mascio (compare Mascio, 780 F.3d at 639-40 with Tr. at 25), the logic of Mascio still applies here, because both Mascio and this case involve a violation of the ALJ's duty of explanation.

[6] The examples provided above are not exhaustive.

could stand for about a half an hour and could also only sit for a half an hour before having to change positions. (Tr. at 38, 43.) She testified that she could "probably" walk the length of a football field and she testified further that whether she could walk more depended on whether she was having a good day or a bad day. (Tr. at 43-44.) Plaintiff also testified that she lost feeling in her fingers when in the cold, which impacted her ability to hold items. (Tr. at 40.)

The ALJ then limited Plaintiff to the performance of medium work with only the occasional climbing of ladders and no exposure to extremes in cold temperature.[7] (Tr. at 25.) Consequently, it appears the ALJ credited Plaintiff's testimony to the extent she complained of the impact that cold temperatures had on her grip strength and ability to manipulate small objects. On the other hand, the ALJ did not include a sit/stand limitation, despite testimony from the Plaintiff suggesting that such a limitation was necessary. This could mean either that the ALJ found Plaintiff's testimony on the sit/stand

---

[7] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds" and requires an individual to be on her feet for up to six hours during an eight-hour workday. 20 C.F.R. § 416.967(b)-(c); SSR 83-10, Titles II and XVI: Determining Capability to do Other Work – The Medical-Vocational Rules of Appendix 2, 1983 WL 31251, at *5 (1983).

-11-

issue incredible for reasons he failed to explain, or that the ALJ simply failed to consider this testimony at all.

Similarly, Plaintiff testified that she could lift ten pounds, and could make herself do more though "it's a struggle," (Tr. at 43); however, the ALJ determined, without explanation, that she could lift as much as fifty pounds. (Tr. at 25.) Again, this could mean either that the ALJ found Plaintiff's testimony on this issue incredible for reasons he failed to explain, or that the ALJ simply failed to consider this testimony at all. The fact that the court must speculate as to the ALJ's reasoning on these issues is troubling. For this reason alone, the ALJ's decision requires remand. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.")

Defendant contends that to remand this case would exalt form over substance, because Plaintiff is clearly not disabled, and contends further that the ALJ's credibility determination is supported by substantial evidence. (Mem. in Supp. of Commissioner's Mot. for J. on the Pleadings (Doc. 12) at 15-17.) It is true that the medical evidence in Plaintiff's case file is far from robust. Nevertheless, to focus on this misses the crux

of the court's analysis here, which is that for a decision to be reviewable in the first instance, an ALJ must satisfy his or her basic duty of explanation. Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to his conclusion"). The ALJ simply did not do that here and remand is therefore required.[8]

## V. CONCLUSION

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not

---

[8] Plaintiff raises a number of additional arguments similar to the one addressed above. (Pl.'s Br. (Doc. 10) at 6.) A number of these arguments also assert that the findings of the ALJ are so conclusory and unsupported that they are not subject to judicial review. (Id. at 7-15.) For example, Plaintiff accurately points out that despite finding three severe impairments at step two, the ALJ's step three finding is a single sentence stating, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Id. at 9 citing Tr. at 25.) Plaintiff also correctly points out that the ALJ did not cite to any medical evidence, medical opinions, or testimony in making his RFC findings. (Id. at 14 citing Tr. at 24-26.) In fact, at no point in the Decision does the ALJ mention the opinions of the non-examining state agency physicians. (See Tr. at 22-26; see also Tr. at 54-62, 64-73.) Because remand is proper for the reasons set forth above, the court does not need to definitively resolve the question of whether Plaintiff's other assignments of error also require remand. Nevertheless, on remand, the ALJ should be mindful of the general duty of explanation such that the court may, if necessary, review any future Decision.

-13-

susceptible to judicial review and therefore is not supported by substantial evidence. Remand is therefore proper. The court expresses no opinion regarding whether, at the end of the day, Plaintiff is disabled under the Act and the court declines consideration of the additional issues raise at this time. Hancock v. Barnhart, 206 F. Supp. 2d 757, 763-64 n.3 (W.D. Va. 2002) (on remand, "[t]he ALJ's prior decision has no preclusive effect, as it was vacated and a new hearing conducted de novo").

**IT IS THEREFORE ORDERED** that the Commissioner's Decision finding no disability is **VACATED** and that the matter is **REMANDED** for further administrative proceedings consistent with this Memorandum Opinion and Order.[9] To this extent, the Commissioner's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED** and Plaintiff's Motion for Judgment (Doc. 9) is **GRANTED**. To the extent that Plaintiff's motion seeks an immediate award of benefits, it is **DENIED**.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

---

[9] This court notes that to the extent its order must be construed as a reversal to be within the scope of its powers under sentence four of 42 U.S.C. § 405(g), it shall be construed as such, however, given the reasoning behind this order and the mandate in Mascio itself that the case be vacated and remanded, see 780 F.3d at 640-41, this court orders that the decision be vacated.

This the 10th day of November, 2016.

                                    /s/ William L. Osteen, Jr.
                                    United States District Judge